**FILED**

11-18-09

NOV 1 8 2009 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 09 CR 619  JUDGE DER-YEGHIAYAN |
| vs. | ) | |
| | ) | Violations: Title 8, United States Code, |
| MARIA F. CRUZ, | ) | Sections 1324(a) and 1325(c); Title 18, |
| MANNY AGUJA, | ) | United States Code, Sections 371, 1425(a), |
| MARC AGUJA, | ) | 1546(a) and 2 |
| CELESTE LIGUTAN-LOPEZ, | ) | |
| MARIA CYD ADRIATICO-FERNANDEZ, | ) | **UNDER SEAL** |
| SONIA MAKI, | ) | |
| DESHAWN BARKSDALE, | ) | **MAGISTRATE JUDGE COLE** |
| LATRICE WILSON, | ) | |
| KEISHA MCGARY, and | ) | |
| EUGENE WILSON | ) | |

**COUNT ONE**
**(Conspiracy to Commit Marriage Fraud)**

The SPECIAL SEPTEMBER 2008 GRAND JURY charges:

1.      At times material to this indictment:

(a)      Under United States immigration laws, a foreign national who was married to a United States citizen could obtain legal permanent resident status in the United States, provided that the marriage had been entered into in good faith and that the United States citizen had not entered into the marriage in exchange for something of value, such as money, or for the sole purpose of enabling the foreign national to obtain legal permanent resident status in the United States.

(b)      The Department of Homeland Security–United States Citizenship and Immigration Services ("CIS"), was an agency of the United States which adjudicated applications for legal permanent residency status submitted by foreign-born nationals who claimed to have entered into legitimate marriages with United States citizens.

(c)      A foreign-born national who was not involved in deportation proceedings and

was seeking to become a legal permanent resident of the United States on the basis of marriage to a United States citizen was required to complete and submit to CIS a "Form I-485 Application to Register Permanent Resident or Alien Status" (hereinafter referred to as "Form I-485"). The foreign national was required to sign the completed application, certifying under penalty of perjury that the information provided by the foreign national, including information about the foreign national's spouse, was true and correct and that the foreign national was admissible to the United States pursuant to § 212(a) of the Immigration and Nationality Act.

(d)    In order for a foreign national to obtain permanent resident status on the basis of marriage to a United States citizen, the United States citizen spouse was required to file a "Form I-130 Petition for Alien Relative" (hereinafter referred to as "Form I-130") on behalf of the foreign national. The foreign national's spouse was required to certify that he or she was in fact a United States citizen spouse, to provide certain background information about the marriage, such as the location of the marital residence, and to certify that the marriage was not entered into for purposes of evading immigration laws.

(e)    Upon receipt of a Form I-485 from a foreign-born national seeking to become a legal permanent resident on the basis of marriage to a United States citizen and/or a Form I-130 from a foreign-born national's American spouse, CIS began an official proceeding (the "Official Proceeding") to determine whether to grant the petition.

(f)    As part of the Official Proceeding, CIS mailed a notice to the foreign-born national who submitted a Form I-485 or whose spouse submitted a Form I-130 directing him or her to appear at CIS for an interview, the purpose of which was to determine the validity of the claimed marriage (the "Marriage Interview").

2

(g)      Defendants MARIA F. CRUZ, MARIA CYD ADRIATICO-FERNANDEZ,

SONIA MAKI, DESHAWN BARKSDALE, LATRICE WILSON, KEISHA MCGARY and

EUGENE WILSON were United States citizens.

(h)      Individual GS, Individual HN, Individual ML, Individual LB, Individual CJ,

Individual AF, Individual MC, Individual PO, Individual CP, and Individual EK were United States

citizens.

(i)      Defendant CELESTE LIGUTAN-LOPEZ was a foreign-born national.

(j)      Individual MY, Individual MO, Individual JC, Individual GF, Individual GP,

Individual RA, Individual LL, Individual ZT, Individual VB, Individual EP, Individual EI, Individual

KE, Individual MM, Individual VM and Individual MW were foreign-born nationals.

(k)      Defendant MANNY AGUJA was an attorney licensed by the State of Illinois

who practiced immigration law at the Law Offices of Manny Aguja, located at 3144 W. Montrose

Avenue, Chicago, Illinois 60618.

(l)      Defendants MARC AGUJA and CELESTE LIGUTAN-LOPEZ were

employed at the Law Offices of Manny Aguja.

2.      From no later than July 2003, and continuing through in or about October 2009, at

Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MARIA F. CRUZ,
MANNY AGUJA,
MARC AGUJA,
CELESTE LIGUTAN-LOPEZ,
MARIA CYD ADRIATICO-FERNANDEZ
SONIA MAKI,
DESHAWN BARKSDALE,
LATRICE WILSON,
KEISHA MCGARY and

3

EUGENE WILSON,

defendants herein, and others known and unknown to the Grand Jury, did knowingly conspire to

commit certain offenses against the United States, namely, to knowingly enter into marriages for the

purpose of evading provisions of the immigration laws, namely Title 8, United States Code, Sections

1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied

for on the basis of marriage to a United States citizen, to those foreign nationals who have entered

into the marriage in good faith, not in exchange for something of value and not for the purpose of

procuring the foreign national's admission as an immigrant, and to aid and abet the commission of

said offense, in violation of Title 8, United States Code, Section 1325(c) and Title 18, United States

Code, Section 2.

3.      It was part of the conspiracy that defendant CRUZ, along with others known and

unknown to the Grand Jury, recruited U.S. citizens and foreign-born nationals to enter into sham

marriages for the purpose of evading United States immigration laws.

4.      It was further part of the conspiracy that foreign-born nationals paid CRUZ

approximately $3,000 to arrange for them to marry United States citizens.

5.      It was further part of the conspiracy that defendant CRUZ promised U.S. citizens that

in return for marrying a foreign-born national, the United States citizens would be paid as follows:

(a) approximately $3,000 after the marriage; and (b) approximately $300 to $350 every month until

the foreign-born national obtained United States citizenship.

6.      It was further part of the conspiracy that defendant CRUZ agreed to pay and paid a

fee to individuals known and unknown to the Grand Jury for referring to CRUZ other United States

citizens who were willing to enter into fraudulent marriages.

4

7.    It was further part of the conspiracy that defendant CRUZ took steps to further the marriage fraud, including driving individuals to weddings and taking photographs before and after weddings, knowing that the photographs were to be used to make it appear that the fraudulent marriages were legitimate.

8.    It was further part of the conspiracy that defendant CRUZ offered advice to the U.S. citizens and foreign-born nationals on what actions they needed to take to make their marriages appear legitimate.

9.    It was further part of the conspiracy that defendant CRUZ arranged fraudulent marriages between the following defendants and/or co-conspirators, all of whom knew their marriages were a fraud:  (a) SONIA MAKI and Individual JC; (b) DESHAWN BARKSDALE and Individual GF; (c) LATRICE WILSON and Individual EI; (d) KEISHA MCGARY and Individual KE; (e) EUGENE WILSON and Individual MW; (f) Individual MY and Individual GS; (g) Individual HN and Individual MO; (h) Individual LB and Individual LL; (i) Individual AF and Individual ZT; (j) Individual MC and Individual VB; (k) Individual GP and Individual PO; and (l) Individual EK and Individual MM.

10.    It was further part of the conspiracy that defendant CRUZ attempted to arrange a fraudulent marriage between Individual VM and Undercover Agent A.

11.    It was further part of the conspiracy that defendant CRUZ attempted to arrange a fraudulent marriage between Individual VM and Undercover Agent B.

12.    It was further part of the conspiracy that defendant CRUZ referred participants in fraudulent marriages to defendant MANNY AGUJA, defendant MARC AGUJA and defendant CELESTE-LIGUTAN LOPEZ, at the Law Offices of MANNY AGUJA, for preparation of

5

immigration paperwork in support of the fraudulent marriages.

13.     It was further part of the conspiracy that defendant MANNY AGUJA met with participants in fraudulent marriages, including (a) Individual HN and Individual MO; (b) Individual CJ and Individual RA; (c) defendant CELESTE LIGUTAN-LOPEZ and Individual ML; (d) Individual EP and Individual CP; and (e) Individual EK and Individual MM, and told them what actions they needed to take to make their marriages appear legitimate, knowing that the marriages were fraudulent and entered into to evade provisions of the immigration laws.

14.     It was further part of the conspiracy that defendant MANNY AGUJA prepared and signed immigration paperwork submitted to CIS, including Forms I-130 and I-485, for participants in fraudulent marriages, knowing the marriages were fraudulent and entered into to evade provisions of the immigration laws.

15.     It was further part of the conspiracy that defendant MARC AGUJA met with participants in fraudulent marriages, knowing the marriages were fraudulent and entered into to evade provisions of the immigration laws, and told the participants what actions they needed to take to make their marriages look legitimate and to pass their Marriage Interview at CIS.

16.     It was further part of the conspiracy that defendant CELESTE LIGUTAN-LOPEZ entered into a fraudulent marriage with Individual ML.

17.     It was further part of the conspiracy that defendant CRUZ referred individuals in fraudulent marriages to defendant MARIA CYD ADRIATICO-FERNANDEZ, who completed immigration paperwork for the participants in fraudulent marriages, including (a) Individual MY and Individual GS; (b) Individual GP and Individual PO; and (c) Individual LB and Individual LL, knowing the marriages were fraudulent and entered into to evade provisions of the immigration laws.

6

18.     It was further part of the conspiracy that the U.S. citizens and foreign-born nationals attempted to conceal from CIS officials the fact that their marriages were fraudulent.

## OVERT ACTS

19.     In furtherance of the conspiracy, and for the purpose of accomplishing its unlawful objects, defendants committed or caused the following overt acts, among others, to be committed:

### Fraudulent Marriage Between defendant CELESTE LIGUTAN-LOPEZ and Individual ML

a.     On or about July 11, 2003, defendant CELESTE LIGUTAN-LOPEZ and Individual ML participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable defendant LIGUTAN-LOPEZ to obtain legal permanent resident status.

b.     On or about July 22, 2003, defendant MANNY AGUJA prepared and submitted a Form I-485 to CIS on behalf of defendant CELESTE LIGUTAN-LOPEZ making it appear that the marriage between defendant LIGUTAN-LOPEZ and Individual ML was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

c.     On or about July 22, 2003, defendant MANNY AGUJA prepared and submitted a Form I-130 to CIS on behalf of Individual ML making it appear that the marriage between defendant CELESTE LIGUTAN-LOPEZ and Individual ML was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

d.     On or about September 14, 2005, defendant CELESTE LIGUTAN-LOPEZ

7

participated in a Marriage Interview in Chicago, Illinois in which she falsely held out her marriage to Individual ML as one that was entered into in good faith, knowing that the true purpose of the marriage was to obtain legal permanent resident status for defendant CELESTE LIGUTAN-LOPEZ.

       e.      On or about October 20, 2008, defendant MANNY AGUJA prepared and submitted a Form N-400 Application for Naturalization to CIS making it appear that the marriage between defendant CELESTE LIGUTAN-LOPEZ and Individual ML was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

**Fraudulent Marriage Between Defendant KEISHA MCGARY and Individual KE**

       f.      In or about August 2003, defendant CRUZ arranged a meeting between defendant KEISHA MCGARY, a United States citizen, and Individual KE, a foreign national, in which the conspirators agreed to have defendant MCGARY marry Individual KE in order to evade the immigration laws of the United States.

       g.      On or about August 2, 2003, defendant KEISHA MCGARY and Individual KE participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual KE to obtain permanent legal resident status in the United States.

       h.      On or about September 5, 2003, defendant MANNY AGUJA prepared and submitted a Form I-485 to CIS on behalf of Individual KE making it appear that the marriage between defendant KEISHA MCGARY and Individual KE was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws

of the United States.

        i.     On or about September 5, 2003, defendant MANNY AGUJA prepared and submitted a Form I-130 to CIS on behalf of defendant KEISHA MCGARY making it appear that the marriage between defendant KEISHA MCGARY and Individual KE was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

        j.     On or about May 18, 2005, defendant KEISHA MCGARY participated in a Marriage Interview in Chicago, Illinois in which she falsely held out her marriage to Individual KE as one that was entered into in good faith, knowing that the true purpose of the marriage was to obtain legal permanent resident status for Individual KE.

**Fraudulent Marriage Between Individual CJ and Individual RA**

        k.     On or about October 30, 2003, Individual CJ and Individual RA participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual RA to obtain legal permanent resident status.

        l.     On or about October 30, 2003, defendant MANNY AGUJA prepared and submitted a Form I-130 to CIS on behalf of Individual CJ making it appear that the marriage between Individual CJ and Individual RA was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

        m.     On or about October 30, 2003, defendant MANNY AGUJA prepared and submitted a Form I-485 to CIS on behalf of Individual RA making it appear that the marriage between Individual CJ and Individual RA was legitimate, which marriage defendant MANNY

AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

n.     On or about December 13, 2004, Individual CJ and Individual RA participated in a Marriage Interview in Chicago, Illinois in which they falsely held out their marriage as one that was entered into in good faith, knowing that the true purpose of the marriage was to obtain legal permanent resident status for Individual RA.

**Fraudulent Marriage Between Defendant DESHAWN BARKSDALE and Individual GF**

o.     In or about November 2003, defendant CRUZ arranged a meeting between defendant DESHAWN BARKSDALE, a United States citizen, and Individual GF, a foreign national, in which the conspirators agreed to have defendant BARKSDALE marry Individual GF in order to evade the immigration laws of the United States.

p.     On or about November 20, 2003, defendant DESHAWN BARKSDALE and Individual GF participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual GF to obtain permanent legal resident status in the United States.

q.     On or about December 4, 2003, defendant MANNY AGUJA prepared and submitted a Form I-485 to CIS on behalf of Individual GF making it appear that the marriage between defendant DESHAWN BARKSDALE and Individual GF was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

r.     On or about December 4, 2003, defendant MANNY AGUJA prepared and submitted a Form I-130 to CIS on behalf of defendant DESHAWN BARKSDALE making it appear

10

that the marriage between defendant DESHAWN BARKSDALE and Individual GF was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

s.      On or about February 3, 2005, defendant DESHAWN BARKSDALE participated in a Marriage Interview in Chicago, Illinois in which she falsely held out her marriage to Individual GF as one that was entered into in good faith, knowing that the true purpose of the marriage was to obtain legal permanent resident status for Individual GF.

**Fraudulent Marriage Between Individual EK and Individual MM**

t.      On or about May 1, 2004, Individual EK and Individual MM participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual EP to obtain legal permanent resident status.

u.      On or about May 1, 2004, defendant MANNY AGUJA prepared and submitted a Form I-130 to CIS on behalf of Individual EK making it appear that the marriage between Individual EK and Individual MM was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

v.      On or about May 1, 2004, defendant MANNY AGUJA prepared and submitted a Form I-485 to CIS on behalf of Individual MM making it appear that the marriage between Individual EK and Individual MM was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

**Fraudulent Marriage Between Defendant LATRICE WILSON and Individual EI**

w.      In or about June 2004, defendant CRUZ arranged a meeting between

11

defendant LATRICE WILSON, a United States citizen, and Individual EI, a foreign national, in which the conspirators agreed to have defendant WILSON marry Individual EI in order to evade the immigration laws of the United States.

        x.     On or about June 26, 2004, defendant LATRICE WILSON and Individual EI participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual EI to obtain permanent legal resident status in the United States.

        y.     On or about June 28, 2004, defendant MANNY AGUJA prepared and submitted a Form I-485 to CIS on behalf of Individual EI making it appear that the marriage between defendant LATRICE WILSON and Individual EI was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

        z.     On or about June 28, 2004, defendant MANNY AGUJA prepared and submitted a Form I-130 to CIS on behalf of LATRICE WILSON making it appear that the marriage between defendant LATRICE WILSON and Individual EI was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

        aa.     On or about March 10, 2005, defendant LATRICE WILSON participated in a Marriage Interview in Chicago, Illinois in which she falsely held out her marriage to Individual EI as one that was entered into in good faith, knowing that the true purpose of the marriage was to obtain legal permanent resident status for Individual EI.

**Fraudulent Marriage Between Individual EP and Individual CP**

bb.     On or about July 28, 2004, Individual EP and Individual CP participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual EP to obtain legal permanent resident status.

cc.     On or about July 29, 2004, defendant MANNY AGUJA prepared and submitted a Form I-130 to CIS on behalf of Individual CP making it appear that the marriage between Individual EP and Individual CP was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

dd.     On or about July 29, 2004, defendant MANNY AGUJA prepared and submitted a Form I-485 to CIS on behalf of Individual EP making it appear that the marriage between Individual CP and Individual EP was legitimate, which marriage defendant MANNY AGUJA knew was fraudulent and entered into to evade the immigration laws of the United States.

ee.     On or about April 13, 2005, Individual EP and Individual CP participated in a Marriage Interview in Chicago, Illinois in which they falsely held out their marriage as one that was entered into in good faith, knowing that the true purpose of the marriage was to obtain legal permanent resident status for Individual EP.

ff.     On or about June 4, 2009, Individual EP met with defendant MANNY AGUJA and defendant MARC AGUJA for purposes of discussing how Individual EP should respond to an inquiry by CIS regarding Individual EP's sham marriage, and to conceal from CIS that the marriage was fraudulent and for the purpose of evading the immigration laws of the United States.

**Fraudulent Marriage Between Individual GP and Individual PO**

gg.    In or about October 2007, defendant CRUZ arranged a meeting between Individual GP, a foreign national, and Individual PO, a United States citizen, in which the conspirators agreed to have Individual GP marry Individual PO in order to evade the immigration laws of the United States.

hh.    In or about October 20, 2007, Individual GP and Individual PO participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual GP to obtain legal permanent resident status in the United States.

ii.    In or about November 2007, defendant MARIA CYD ADRIATICO-FERNANDEZ prepared and submitted a Form I-485 to CIS on behalf of Individual GP making it appear that the marriage between Individual GP and Individual PO was legitimate, which marriage defendant MARIA CYD-ADRIATICO FERNANDEZ knew was fraudulent and entered into to evade provisions of the immigration laws.

**Fraudulent Marriage Between Individual HN and Individual MO**

jj.    In or about December 2007, defendant CRUZ arranged a meeting between Individual HN, a United States citizen, and Individual MO, a foreign national, in which the conspirators agreed to have Individual HN marry Individual MO in order to evade the immigration laws of the United States.

kk.    On or about December 22, 2007, Individual HN and Individual MO participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the

14

marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable MO to obtain legal permanent resident status in the United States.

**Fraudulent Marriage Between Individual LB and Individual LL**

ll.     In or about January 2008, defendant CRUZ arranged a meeting between Individual LB, a United States citizen, and Individual LL, a foreign national, in which the conspirators agreed to have Individual LB marry Individual LL in order to evade the immigration laws of the United States.

mm.     On or about January 28, 2008, Individual LB and Individual LL participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual LL to obtain permanent legal resident status in the United States.

nn.     In or about February 2008, defendant MARIA CYD ADRIATICO-FERNANDEZ prepared and submitted a Form I-130 to CIS on behalf of Individual LB making it appear that the marriage between Individual LB and Individual LL was legitimate, which marriage defendant MARIA CYD ADRIATICO-FERNANDEZ knew was fraudulent and entered into to evade provisions of the immigration laws.

**Fraudulent Marriage Between Individual AF and Individual ZT**

oo.     In or about June 2008, defendant CRUZ arranged a meeting between Individual AF, a United States citizen, and Individual ZT, a foreign national, in which the conspirators agreed to have Individual AF marry Individual ZT in order to evade the immigration

15

laws of the United States.

pp.     On or about June 9, 2008, Individual AF and Individual ZT participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual ZT to obtain legal permanent resident status in the United States.

**Fraudulent Marriage Between Defendant EUGENE WILSON and Individual MW**

qq.     In or about August 2008, defendant CRUZ arranged a meeting between defendant EUGENE WILSON, a United States citizen, and Individual MW, a foreign national, in which the conspirators agreed to have defendant EUGENE WILSON marry Individual MW in order to evade the immigration laws of the United States.

rr.     On or about August 12, 2008, defendant EUGENE WILSON and Individual MW participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual MW to obtain legal permanent resident status in the United States.

**Fraudulent Marriage Between Individual MY and Individual GS**

ss.     In or about August 2008, defendant CRUZ arranged a meeting between Individual MY, a foreign national, and Individual GS, a United States citizen, in which the conspirators agreed to have Individual MY marry Individual GS in order to evade the immigration laws of the United States.

tt.     On or about August 23, 2008, Individual MY and Individual GS participated

in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual MY to obtain legal permanent resident status in the United States.

uu.    In or about February 2009, defendant MARIA CYD ADRIATICO-FERNANDEZ prepared and submitted a Form I-485 to CIS on behalf of Individual MY making it appear that the marriage between Individual MY and Individual GS was legitimate, which marriage defendant MARIA CYD ADRIATICO-FERNANDEZ knew was fraudulent and entered into to evade provisions of the immigration laws.

**Fraudulent Marriage Between Individual MC and Individual VB**

vv.    In or about August 2008, defendant CRUZ arranged a meeting between Individual MC, a United States citizen, and Individual VB, a foreign national, in which the conspirators agreed to have Individual MC marry Individual VB in order to evade the immigration laws of the United States.

ww.    On or about August 30, 2008, Individual MC and Individual VB participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual VB to obtain legal permanent resident status.

**Fraudulent Marriage Between Defendant Sonia Maki and Individual JC**

xx.    In or about August 2008, defendant CRUZ arranged a meeting between defendant SONIA MAKI, a United States citizen, and Individual JC, a foreign national, in which the conspirators agreed to have MAKI marry Individual JC in order to evade the immigration laws of

17

the United States.

        yy.    On or about September 6, 2008, defendant SONIA MAKI and Individual JC participated in a civil marriage ceremony that took place in Chicago, Illinois, knowing that the marriage was not entered into in good faith, was in exchange for something of value and that the purpose of the marriage ceremony was to enable Individual JC to obtain permanent legal resident status in the United States.

**Attempted Fraudulent Marriage Between Individual VM and Undercover Agent A**

        zz.    On or about February 6, 2009, defendant CRUZ facilitated a meeting between Individual VM, a foreign national, and Undercover Agent A, a United States citizen, in which Individual VM and defendant CRUZ agreed to have Undercover Agent A marry Individual VM in order to evade the immigration laws of the United States.

        aaa.    On or about February 6, 2009, Individual VM applied for a certificate of marriage with Undercover Agent A, knowing that she intended to use the certificate to support the legitimacy of a fraudulent marriage.

**Attempted Fraudulent Marriage Between Individual VM and Undercover Agent B**

        bbb.    On or about February 19, 2009, defendant CRUZ facilitated a meeting between Individual VM, a foreign national, and Undercover Agent B, a United States citizen, in which Individual VM and defendant CRUZ agreed to have Undercover Agent B marry Individual VM in order to evade the immigration laws of the United States.

        ccc.    On or about February 19, 2009, Individual VM applied for a certificate of marriage with Undercover Officer B, knowing that she intended to use the certificate to support the legitimacy of a fraudulent marriage.

18

**Meetings with Undercover Agents C, D and E**

      ddd.    On or about February 23, 2009, defendant CRUZ arranged a meeting between defendant CELESTE LIGUTAN-LOPEZ and Undercover Agent C, at the Law Offices of Manny Aguja, for the purpose of having defendant LIGUTAN-LOPEZ explain the process of filing immigration paperwork in support of fraudulent marriages.

      eee.    On or about March 23, 2009, defendant CELESTE LIGUTAN-LOPEZ arranged a meeting among defendant MARC AGUJA, Undercover Agent C, and Undercover Agent D, at the Law Offices of Manny Aguja, in which defendant MARC AGUJA told Undercover Agent C and Undercover Agent D what steps they needed to take to make fraudulent marriages appear legitimate and to pass an immigration interview.

      fff.    On or about April 1, 2009, defendant MARC AGUJA met with Undercover Agent C and Undercover Agent E at the Law Offices of Manny Aguja for the purpose of telling Undercover Agent C and Undercover Agent E what steps they needed to take to make fraudulent marriages appear legitimate and to pass an immigration interview.

      20.    It was further part of the conspiracy that the conspirators would and did conceal and hide, and cause to be concealed and hidden, the purposes of the acts done in furtherance of the conspiracy.

      In violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Marriage Fraud)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2. On or about October 20, 2007, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ,

defendant herein, aided, abetted and procured the entering into of a marriage between Individual GP and Individual PO for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT THREE
### (Marriage Fraud)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about December 22, 2007, at Chicago, in the Northern District of Illinois, Eastern Division:

### MARIA F. CRUZ,

defendant herein, aided, abetted and procured the entering into of a marriage between Individual HN and Individual MO for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

21

## COUNT FOUR
### (Marriage Fraud)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2. On or about January 28, 2008, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ,

defendant herein, aided, abetted and procured the entering into of a marriage between Individual LB and Individual LL for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT FIVE
### (Fraud or Misuse of Visa, Permits and Other Documents)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about February 7, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

### MARIA CYD ADRIATICO-FERNANDEZ,

defendant herein, did knowingly present an application required by the immigration laws which contained false statements with respect to material facts, namely, defendant falsely claimed in a Form I-130 (Petition for Alien Relative) that Individual MY and Individual GS were lawfully married and resided and intended to reside together at the address listed in the Form I-130, when defendant knew at the time that their marriage was fraudulent and Individual MY and Individual GS did not reside and did not intend to reside together at the address listed in the Form I-130;

In violation of Title 18, United States Code, Sections 1546(a) and 2.

23

## COUNT SIX
### (Marriage Fraud)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about June 9, 2008, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ,

defendant herein, aided, abetted and procured the entering into of a marriage between Individual AF and Individual ZT for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT SEVEN
**(Marriage Fraud)**

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about August 12, 2008, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ and
EUGENE WILSON,

defendants herein, knowingly entered into, and aided, abetted and procured the entering into of, a marriage between defendant EUGENE WILSON and Individual MW for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT EIGHT
### (Marriage Fraud)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about August 23, 2008, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ,

defendant herein, aided, abetted and procured the entering into of a marriage between Individual MY and Individual GS for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

26

## COUNT NINE
### (Marriage Fraud)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about August 23, 2008, at Chicago, in the Northern District of Illinois, Eastern Division:

### MARIA F. CRUZ,

defendant herein, aided, abetted and procured the entering into of a marriage between Individual MC and Individual VB for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT TEN
### (Marriage Fraud)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.  The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.  On or about September 6, 2008, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ and
SONIA MAKI,

defendants herein, knowingly entered into, and aided, abetted and procured the entering into of, a marriage between defendant SONIA MAKI and Individual JC for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT ELEVEN
### (Procurement of Citizenship or Naturalization Unlawfully)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about October 20, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

MANNY AGUJA and
CELESTE LIGUTAN-LOPEZ,

defendants herein, knowingly attempted to procure, contrary to law, naturalization of defendant CELESTE LIGUTAN-LOPEZ as a United States citizen, by knowingly and willfully making materially false statements in connection with defendant LIGUTAN-LOPEZ's application for naturalization, in violation of 18 U.S.C. § 1001, on a CIS Form N-400, namely: defendant LIGUTAN-LOPEZ stated "I have been a Lawful Permanent Resident of the United States for at least three years, and I have been married to and living with the same U.S. citizen for the last three years, and my spouse has been a U.S. citizen for the last three years," when in fact, as defendants knew at the time, defendant LIGUTAN-LOPEZ's marriage was a fraud, and she had not been living with her U.S. citizen spouse for the last three years;

In violation of 18, United States Code, Sections 1425(a) and 2.

29

## COUNT TWELVE
**(Marriage Fraud)**

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.      On or about February 6, 2009, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ,

defendant herein, attempted to aid, abet and procure the entering into of a marriage between Individual VM and Undercover Agent A for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

30

## COUNT THIRTEEN
**(Marriage Fraud)**

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     On or about February 19, 2009, at Chicago, in the Northern District of Illinois, Eastern Division:

MARIA F. CRUZ,

defendant herein, attempted to aid, abet and procure the entering into of a marriage between Individual VM and Undercover Agent B for the purpose of evading provisions of the immigration laws, namely, Title 8, United States Code, Sections 1154 and 1186a, which provisions restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States citizen, to those foreign nationals who have entered into the marriage in good faith, not in exchange for something of value and not for the purpose of procuring the foreign national's admission as an immigrant;

In violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN
### (Conspiracy to Encourage and Induce Aliens to Reside in the United States)

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

Beginning no later than in or about July 2003, and continuing to in or about October 2009,

at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MANNY AGUJA and
MARC AGUJA,

defendants herein, and others known and unknown to the Grand Jury, did knowingly conspire with

each other to encourage and induce aliens to reside in the United States, knowing and in reckless

disregard of the fact that such residence would be in violation of law, in violation of Title 8, United

States Code, Section 1324(a)(1)(A)(iv);

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

32

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

1.      The allegations contained in Count Fourteen of the indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(6)(A) and Title 28, United States Code, Section 2461(c).

2.      As a result of his violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), as alleged in Count Fourteen of the foregoing indictment,

MARC AGUJA,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest he may have in any property used to facilitate commission of the charged offense.

3.      The interests of defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A), and Title 28, United States Code, Section 2461(c), is the real property commonly known as 3144 W. Montrose Avenue, Chicago, Illinois and legally described as follows:

> LOT 25 IN BLOCK 65 IN NORTHWEST LAND ASSOCIATION SUBDIVISION OF THE WEST ½ OF THE NORTHWEST 1/4 OF SECTION 13, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN (EXCEPT THE RIGHT OF WAY OF NORTHWESTERN ELEVATED RAILROAD COMPANY) IN COOK COUNTY, ILLINOIS.

> PIN: 13-13-125-015-0000

All pursuant to Title 18, United States Code, Section 982(a)(6)(A) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

34